UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL GOODWIN,

      Petitioner,

v.

M. CRUZ, Warden, et al,
FEDERAL PRISON CAMP, DULUTH, MN,

      Respondents.

Civil No. 07-4209 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota, ("FPC-Duluth"). He is serving a prison sentence that was imposed in 2001 in a federal criminal case that was prosecuted in the United States District Court for the Eastern District of Missouri.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Although Petitioner has not explained why he was sentenced, it appears from his submissions that he must have been convicted of a federal controlled substance offense involving cocaine. Petitioner apparently received a sentence of 151 months in federal prison. His petition indicates that he is scheduled to be released from prison in November 2012. (Petition, [Docket No. 1], p. 2, § (b).)

Petitioner has filed this action because he believes there is an error in the pre-sentence investigation report, ("PSR"), that was prepared in connection with the sentence he is now serving. He claims that under the federal Sentencing Guidelines, his base offense level should have been scored as a 32, but in fact, his PSR erroneously indicates a score of 34. According to Petitioner, if this alleged error were corrected, he would have only 29 months left on his sentence, instead of 57 months. Petitioner further contends that if he had only 29 more months left on his sentence, then he could start participating in a drug rehabilitation program that would make him eligible for a one-year reduction of his sentence (pursuant to 18 U.S.C. 3621(e)(2)(B)). (See id., p. 3, § (e).)

Petitioner is requesting a writ of habeas corpus that would – as explained in his own words – "Provide actual evidence that my objection to paragraph 21 to my PSR, (Central File) was overruled by the court. If not, provide my unit team [at FPC-Duluth] with a[n] amendment showing that my guideline level is a level 32 consistent with my indictment to which t [sic] pled, under 841(b)(1)(A)." (Id., p. 4, § (g).)

Petitioner has expressly acknowledged, however, that he has not yet exhausted his available administrative remedies for the claims that he is attempting to bring in this action. (Id., § (f).) Therefore, Petitioner's current habeas corpus claims cannot be entertained at this

2

time.

## II. DISCUSSION

It is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974); United States v. Sithithongtham, 11 Fed.Appx. 657, 658 (8th Cir. 2001) (per curiam) (unpublished opinion); United States v. Stuckey, 33 Fed.Appx. 245 (8th Cir. 2002) (per curiam) (unpublished opinion). See also Gallo-Vasquez v. Federal Bureau of Prisons, Civil No. 06-1457 (PAM/SRN), (D.Minn. 2006), 2006 WL 1428128, at *1 ("[b]ecause Petitioner is challenging the BOP's computation and execution of his sentence, he must first exhaust his administrative remedies").

Our Court of Appeals has identified four important objectives that are promoted by the exhaustion requirement.  First, exhaustion helps to ensure a more complete development of the factual record before the matter is brought into federal court.  Second, exhaustion gives the reviewing court the benefit of whatever special knowledge and experience the administrative agency may have to offer. Third, the exhaustion requirement acknowledges the autonomy of administrative agencies, and the authority that Congress has vested in them. Finally, to the extent that claims can be resolved at the administrative level, the exhaustion requirement promotes judicial economy.  See Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976); see also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992).

The federal Bureau of Prisons, ("BOP"), has provided an administrative remedy

3

process for federal prisoners, which is set forth at 28 C.F.R. §§ 542.10-.19. Those regulations prescribe four steps that must be taken to satisfy the exhaustion requirement: (i) an inmate must first present his claim to an appropriate prison staff member, by submitting a request for informal resolution; (ii) if the claim is not resolved to the inmate's satisfaction, he must then present a formal written claim to the warden, (Form BP-9); (iii) if the prisoner is not satisfied with the warden's response, he must appeal to the Regional Director, (Form BP-10); and (iv) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office, (Form BP-11).  To fully exhaust his administrative remedies, a federal prisoner must complete each of these four steps.

In this case, Petitioner has expressly acknowledged that he has not pursued the administrative remedies provided by the BOP. (Petition, p. 4, § (f).)  Petitioner contends that he should be excused from the exhaustion of administrative remedies requirement, because habeas corpus actions are not covered by the Prison Litigation Reform Act, ("PLRA").  (Id.) The premise of this argument is correct – the PLRA indeed does not apply to habeas corpus cases. See Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir.) ("[w]e, like several other circuits, have held that the PLRA does not apply to habeas petitions"), cert. denied, 541 U.S. 1036 (2004). However, the conclusion that Petitioner has reached is incorrect, because even though the PLRA does not apply to habeas cases, federal prisoners are still required to exhaust their administrative remedies, pursuant to longstanding federal case law, (including the Eighth Circuit cases cited in the text above), which predates – and survives – the PLRA. See id., at 1295 (concluding that even though the PLRA does not apply to habeas petitioners, "prisoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241, are subject to

4

administrative exhaustion requirements").

Again, Petitioner is correct in arguing that the PLRA does not apply to this case, but that does not excuse his failure to exhaust his administrative remedies, because the judicially-established exhaustion requirement for habeas cases is still in effect. Furthermore, the Court finds no other valid reason to excuse Petitioner from the exhaustion of administrative remedies requirement. To the contrary, it is entirely appropriate in this case to require Petitioner to exhaust his administrative remedies before seeking federal habeas corpus relief. If Petitioner seeks relief through the BOP's administrative remedy process, he will have an opportunity to identify and explain his claims more clearly. (His current petition leaves much to be desired in that regard.[2]) And if he has a claim that is truly valid, the BOP should have an opportunity to resolve it, so that judicial intervention can be avoided.

## III.   CONCLUSION

In sum, the Court finds that this action should be summarily dismissed, pursuant to Rule 4 of the Governing Rules, because Petitioner did not exhaust his available administrative

---

[2] Petitioner has done a very poor job of explaining what he is actually attempting to accomplish in this action. Some of his allegations and arguments suggest that he wants to simply correct some alleged misinformation in his PSR. But it appears that Petitioner may also be seeking a court order that would actually reduce the length of the sentence that was imposed by the trial court judge back in November 2001. If that is Petitioner's true objective, then he should not squander his time and energy seeking relief in a § 2241 habeas corpus proceeding in the future, because his original sentencing judgment cannot be reviewed in such a proceeding. If Petitioner believes that his sentence was erroneous ab initio, then he will have to present his claims to the court that sentenced him. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255... and not in a habeas petition filed in the court of incarceration") (emphasis added).

remedies before seeking federal habeas corpus review of his claims. It will be recommended that this action be dismissed without prejudice, so that Petitioner can return to federal court, if necessary, after he satisfies the exhaustion requirement by pursuing each step of the BOP's administrative remedy process.

The Court will also recommend that Petitioner's application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), be denied, because he has failed to state a habeas corpus claim that can be entertained at this time. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition fails to state an actionable claim).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

Dated:   October 18, 2007

   s/ Jeanne J. Graham
JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 31, 2007**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination

of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.